MEMORANDUM **
Adrina Hudikian and her child Anusch Hudikian, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals’ (“BIA”) decision dismissing their appeal from an Immigration Judge’s (“IJ”) denial of their application for asylum and withholding of removal, and request for relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part, and deny in part.
We dismiss Hudikian’s asylum claim because she failed to exhaust it before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004). We also dismiss Hudikian’s claim that the government’s actions caused her to delay filing her asylum application because she failed to exhaust it before the BIA. See id.
Hudikian waived her claim that she is eligible for withholding of removal, because she did not challenge the IJ’s and BIA’s adverse credibility determination in her opening brief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
We deny Hudikian’s claim that the IJ violated her due process rights by failing to give her explicit notice of the consequences of filing a frivolous asylum application and by failing to give her an opportunity to provide explanations for the fabrications in her application, because the claim is not supported by the record and Hudikian failed to show prejudice. See Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000).
We will not disturb the IJ’s and BIA’s conclusion that Hudikian filed a frivolous asylum application because she received notice of the consequences of such action, and had ample opportunity to account for the inconsistencies in her claim. See 8 U.S.C. § 1158(d)(4)(A); 8 C.F.R. § 1208.20; cf. Farah v. Ashcroft, 348 F.3d 1153, 1157-58 (9th Cir.2003) (granting petition for review in regard to frivolousness determination where applicant was not given proper opportunity to explain inconsistencies).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.